UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EDNA M. JOHNSON,<br><br>          Plaintiff,<br><br>v.<br><br>CAROLYN W. COLVIN, Acting Commissioner of Social Security,<br><br>          Defendant. | Case No.: 3:13-cv-1764-GPC-NLS<br><br>**ORDER GRANTING COUNSEL FOR PLAINTIFF'S MOTION FOR ATTORNEY FEES PURSUANT TO 42 U.S.C. § 406(b)**<br><br>[Dkt. No. 29] |

  On October 17, 2016, counsel for Plaintiff Edna M. Johnson ("Plaintiff's counsel") filed a motion for attorney's fees pursuant to 42 U.S.C. § 406(b) in the amount of $14,052.45. Dkt. No. 29-1 at 1.[1] Plaintiff did not file an opposition. Defendant filed a response in its role as "trustee" for Plaintiff, without indicating a position on the reasonableness of the request. Dkt. No. 31. Based on the reasoning below, the Court **GRANTS** Plaintiff's counsel's motion for attorney fees pursuant to 42 U.S.C. § 406(b).

---

[1] Pagination follows that provided by CM/ECF.

# BACKGROUND

On July 29, 2013, Plaintiff filed a complaint seeking review of the decision of the Commissioner of Social Security, pursuant to Section 205(g) of the Social Security Act, as amended, 42 U.S.C. § 405(g). Dkt. No.1 at 1. On December 2, 2013, Plaintiff filed a motion for summary judgment arguing that the administrative law judge ("ALJ") had erred in denying Plaintiff disability benefits. Dkt. No. 13-1. Defendant filed a cross motion for summary judgment on December 23, 2013, defending the correctness of the ALJ's decision. Dkt. No. 14-1. On May 16, 2014, the Magistrate Judge issued a Report and Recommendation and concluded that Plaintiff's motion for summary judgment should be granted and that Defendant's cross motion for summary judgment should be denied. Dkt. No. 17. The Magistrate Judge also recommended that the final decision of the Commissioner be reversed and remanded to the Social Security Administration for further action. *Id.* at 19. On June 18, 2014 the Court adopted the Magistrate Judge's Report and Recommendation in full. Dkt. No. 18 at 1. Accordingly, the Court granted Plaintiff's motion for summary judgment and remanded the case to the Social Security Administration for further proceedings consistent with the Magistrate Judge's findings and conclusions. *Id.* at 2-3.

On remand, the reviewing ALJ concluded that the claimant has been disabled under section 1614(a)(3)(A) of the Social Security Act beginning on June 3, 2010. Dkt. No. 29-5 at 15. Soon thereafter, on July 23, 2016, Plaintiff received notice that she had been awarded $56,209.80 in past-due benefits. *See* Dkt. No. 29-6 at 4. Plaintiff's counsel's instant motion for attorney fees followed.

# DISCUSSION

Sections 406(a) and (b) of Title II of the Social Security Act govern attorney fees for representation of disability claimants in front of the Commissioner and in federal court. 42 U.S.C. § 406(a) & (b). Section 406(a) governs fees for representation in administrative proceedings before the Commissioner. 42 U.S.C. § 406(a). Section 406(b) governs fees for representation in the federal courts, and provides in relevant part:

> Whenever a court renders a judgment favorable to a claimant . . .who was represented before the court by an attorney, the court may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total past-due benefits to which the claimant is entitled by reason of such judgment. . . .

42 U.S.C. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits." *Id.* Plaintiff's counsel indicated that the firm does not seek fees pursuant to § 406(a), but only pursuant to § 406(b). *See* Dkt. No. 29-1 at 3.

The United States Supreme Court has held that § 406(b) does not override or displace attorney-client contingency fee agreements. *Gisbrecht v. Barnhart*, 535 U.S. 789, 808-09 (2002) ("[Section] 406(b) does not displace contingent-fee agreements within the statutory ceiling; instead, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements."). Rather, § 406(b) instructs courts to review for reasonableness fees yielded by those agreements. *Id.* at 809; *see also Crawford v. Astrue*, 586 F.3d 1142, 1148 (9th Cir. 2009) (en banc) (quoting *Gisbrecht*, 535 U.S. at 793, 808) ("a district court charged with determining a reasonable fee award under § 406(b)(1)(A) must respect 'the primacy of lawful attorney-client fee arrangements,'. . . 'looking first to the contingent-fee agreement, then testing it for reasonableness.'") Therefore, courts must first look to the contingent-fee agreement, then determine whether the fees are reasonable. *Gisbrecht*, 535 U.S. at 808.

In determining whether fees are reasonable, attorney fees may be reduced based on "the character of the representation and the results the representative achieved." *Id.* Fees may be subject to reduction if the attorney is responsible for delays or if the benefits are large in comparison to the amount of time counsel spent on the case. *Id.* Courts should also look at the attorney's record of hours worked. *Id.* In other words, section 406(b) requires the Court to conduct an independent check to assess the reasonableness of the fee request in light of the particular circumstances of the case. *Id.*

On July 20, 2013, Plaintiff and her counsel entered into a U.S. District Court Retainer Agreement and Assignment ("the Agreement"). Dkt. No. 29-3. Pursuant to that Agreement, Plaintiff agreed to pay counsel a contingency-fee of up to 25% of past-due benefits 1) if the U.S. District Court remanded her case to the Social Security Administration and 2) if Plaintiff ultimately ended up receiving past-due benefits pursuant to the subsequent administrative proceedings. *Id.* After Plaintiff's counsel succeeded in having Plaintiff's case remanded, Plaintiff received a favorable decision from the reviewing ALJ awarding her $56,209.80 in past-due benefits. *See* Dkt. No. 29-6 at 4. The amount that Plaintiff's counsel seeks in the instant motion, $14,052.45, is exactly 25% of that amount. Dkt. No. 29-1 at 3. The fees that Plaintiff's counsel requests conform to the terms of the Agreement and account for the 33 hours of attorney time spent litigating Plaintiff's appeal. *See* Dkt. No. 29-4 at 1. Plaintiff's counsel has also submitted a billing statement detailing the precise worked performed in order to litigate Plaintiff's case in federal court. *Id.*

Based on the amount sought by Plaintiff's counsel, the effective hourly rate is approximately $425.83. This rate is significantly less than rates that have been found reasonable in similar situations. *See Hearn v. Barnhart*, 262 F. Supp. 2d 1033, 1037 (N.D. Cal. 2003); *see also Coffman v. Comm'r of Social Security*, No. CV-13-1242-PK, 2015 WL 5008847 (D. Oregon Aug. 20, 2015) ($643.40 per hour for 31.45 hours of work was reasonable); *Knudsen v. Colvin*, No. CV 11-5093-JEM, 2015 WL 4205319 (C.D. Cal. July 10, 2015) (hourly rate of $973.78 for 26.7 hours of work was reasonable); *Crawford*, 586 F.3d at 1145-46, 1153 (approving contingent fee awards that resulted in effective hourly rates of $875, $519 and $813.5 in 2009).

Also, the Court finds that none of the factors articulated in *Gisbrecht* counsel in favor of reducing the award. Plaintiff's counsel succeeded in remanding Plaintiff's case to the Social Security Administration, which ultimately led to Plaintiff receiving past-due benefits that would have, otherwise, not been available to her. Plaintiff now stands to collect over $55,000 in past-due benefits and is entitled to upwards of $866.00 per month

in benefits moving forward. *See* Dkt. No. 29-6 at 1. There is no evidence that Plaintiff's counsel engaged in any dilatory conduct, and the Court notes that the controlling ALJ decision came down just recently, in July 2016. *Id.* In addition, a review of counsel's billing records reveals that the work performed by Plaintiff's Counsel was not excessive. As such, the Court finds Plaintiff's counsel's request for attorney fees under § 406(b) to be reasonable.

## CONCLUSION

Because the Court's independent review finds that the attorney fees requested are reasonable, and because Plaintiff has not filed an opposition to this request, the Court **GRANTS** Plaintiff's counsel's motion for attorney's fees made pursuant to 42 U.S.C. § 406(b) in the amount of $14,052.45 payable to the Law Offices of Charles E. Binder and Harry J. Binder, LLP. The Court further **ORDERS** that Plaintiff's counsel immediately refund Plaintiff $6,171.66 in attorney's fees already paid to Plaintiff's counsel under the Equal Access to Justice Act. The Clerk of Court is directed to serve this order on Plaintiff at: 501 Greenfield Drive, Apt. 36, El Cajon, CA 92021. The hearing date set for January 6, 2016 is **VACATED**.

Dated: December 27, 2016

Hon. Gonzalo P. Curiel
United States District Judge